UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHRISTINA LOUISE MCCALB,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 2:21-cv-01348-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Reversal and/or Remand (ECF No. 18), Defendant's Cross-Motion to Affirm (ECF Nos. 19), Defendant's Response to Plaintiff's Motion (ECF No. 20), and Plaintiff's Reply (ECF No. 21).

**I.    Procedural Background**.

Plaintiff filed her application for disability insurance benefits ("DIB") and Supplement Security Income ("SSI") under Title II and XVI of the Social Security Act (the "SSA" or "Act") on July 30, 2018. Administrative Record ("AR") 281-96. The Commissioner denied Plaintiff's application on November 26, 2018 (AR 207), and again after reconsideration on May 30, 2019. AR 216. A hearing in front of the Administrative Law Judge ("ALJ") was held on July 15, 2020, after which the ALJ found Plaintiff was not disabled. AR 77-91. This decision became final and appealable after the Social Security Administration (sometimes the "Administration") Appeals Council denied Plaintiff's request for review. AR 1-4; 42 U.S.C. §§ 405(g); 1383(c)(3).

**II.    The Standard of Review**.[1]

A decision of the Commissioner must be affirmed if the decision is based on correct legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as

---

[1]    The relevant regulations for DIB and SSI are essentially identical; thus, this Order references the DIB regulations.

1

adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotation marks omitted).  In reviewing the alleged errors, the Court must weigh "both the evidence that supports and detracts from the conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986) (internal citations omitted).

"When the evidence before the ALJ is subject to more than one rational interpretation, we must defer to the ALJ's conclusion." *Batson*, 359 F.3d at 1198, *citing Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).  However, a reviewing court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (internal citation omitted).  Finally, the Court may not reverse an ALJ's decision based on an error that is harmless. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal citation omitted).  "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

### III. Establishing Disability Under the Act.

To establish disability under the SSA, there must be substantial evidence that:

(a) the claimant suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and

(b) the impairment renders the claimant incapable of performing the work that the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999), *citing* 42 U.S.C. § 423(d)(2)(A).  "If a claimant meets both requirements," the claimant is disabled. *Id*.  The ALJ employs a five-step sequential evaluation process to determine whether a claimant is disabled within the meaning of the Act.  *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a).  Each step is potentially dispositive and "if a claimant is found to be 'disabled' or 'not-disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (internal citation omitted); 20 C.F.R. § 404.1520.  The claimant carries the burden of proof at steps one through four, and the Commissioner carries the burden of proof at step five. *Tackett*, 180 F.3d at 1098.

The five steps are:

Step 1. Is the claimant presently working in a substantially gainful activity? If so, then the claimant is "not disabled" within the meaning of the SSA and is not entitled to disability insurance benefits. If the claimant is not working in a substantially gainful activity, then the claimant's case cannot be resolved at step one and the evaluation proceeds to step two. 20 C.F.R. § 404.1520(b).

Step 2. Is the claimant's impairment severe? If not, then the claimant is "not disabled" and is not entitled to DIB. If the claimant's impairment is severe, then the claimant's case cannot be resolved at step two and the evaluation proceeds to step three. 20 C.F.R. § 404.1520(c).

Step 3. Does the impairment "meet or equal" one of a list of specific impairments described in the regulations? If so, the claimant is "disabled" and therefore entitled to DIB. If the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, then the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. 20 C.F.R. § 404.1520(d).

Step 4. Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is "not disabled" and is not entitled to DIB. If the claimant cannot do any work he or she did in the past, then the claimant's case cannot be resolved at step four and the evaluation proceeds to the fifth and final step. 20 C.F.R. § 404.1520(e).

Step 5. Is the claimant able to do any other work? If not, then the claimant is "disabled" and entitled to DIB. 20 C.F.R. § 404.1520(f)(1). If the claimant is able to do other work, then the Commissioner must establish there are a significant number of jobs in the national economy that claimant can do. There are two ways for the Commissioner to meet the burden of showing there is other work in "significant numbers" in the national economy the claimant can do: (1) by the testimony of a vocational expert ("VE"), or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2. If the Commissioner meets this burden, the claimant is "not disabled" and not entitled to DIB. 20 C.F.R. §§ 404.1520(f), 404.1562. If the Commissioner cannot meet this burden, then the claimant is "disabled" and entitled to disability benefits. *Id*.

*Id*. at 1098-99 (internal alterations omitted).

**IV.    Summary of the ALJ's Decision**.

At step one of the five step sequential process, the ALJ found Plaintiff met "the insured status requirement of the … Act through December 31, 2021." AR 82. The ALJ stated that Plaintiff "has not engaged in substantial gainful activity since December 31, 2017, the alleged onset date." AR 83. At step two, the ALJ found Plaintiff suffers from severe impairments including "Mood Disorder, Post-Traumatic Stress Disorder …, Psychotic Disorder, Borderline Intellectual functioning, and, Anorexia …." AR 83.

3

At step three, the ALJ found Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairment in 20 CFR Part 404, [s]ubpart P., [a]ppendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926.)"  AR 83.  In preparation for step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC")[2] to perform:

> a full range of work at all exertional levels but with the following nonexertional limitations: She can understand and remember short and simple instructions, locations, and work-like procedures; she can make simple work-related decisions and sustain adequate concentration, persistence, and pace to carry out simple tasks over the course of a normal workday or workweek; she has some difficulty interacting with peers, supervisors, and the general public, but can interact on an occasional, superficial basis; she can adapt and respond appropriately to routine changes in the workplace

AR 85.  At step four, the ALJ determined Plaintiff "is unable to perform any part of past relevant work."  AR 88.  The ALJ next stated found Plaintiff is a younger individual (34), "has a limited education" and, because Plaintiff was ultimately found not disabled, the transferability of skills was not material to the ALJ's determination.  AR 89.  At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs in significant numbers in the national economy that Plaintiff is able to perform.  AR 89.  In conclusion, the ALJ found Plaintiff has not been under a disability as defined by the SSA.  AR 90.

**V.    The Issue Presented**.

Plaintiff contends that the ALJ erred when he found anorexia is a mental impairment under the Listing for Impairments established by the Social Security Administration, and failed to consider whether Plaintiff meets the Listing requirements of § 5.08, "Weight Loss due to any digestive disorder."[3]  ECF No. 18 at 6:16-17.

---

[2]    "Residual functional capacity" is defined as "the most you can still do despite your limitations."  20 C.F.R. § 416.945(a)(1).

[3]    *See* 5.00-Digestive-Adult (ssa.gov) stating the Administration assesses "the effects of treatment, including medication, therapy, surgery, or any other form of treatment you receive, by determining if there are improvements in the symptoms, signs, and laboratory findings of your digestive disorder.  We also assess any side effects of your treatment that may further limit your functioning."  http://www.ssa.gov/disability/professionals/bluebook/5.00-Digestive-Adult.htm.  Section 5.08 states the SSA "assess[es] the effects of treatment, including medication, therapy, surgery, or any other form of treatment you receive, by determining if there are improvements in the symptoms, signs, and laboratory findings of your digestive disorder.  We also assess any side effects of your treatment that may further limit your functioning."  *Id*.

4

**VI.   The ALJ's Discussion of Plaintiff's Weight and Anorexia**.

After discussing Plaintiff's (1) ability to understand, remember, and apply information, (2) interact with others, (3) concentrate and persist or maintain pace, and (4) adapt or manage herself (AR 83-85), the ALJ noted that consulting examiner L.D. Larson, Ph.D., assessed Plaintiff as underweight and suffering from "anorexia by history." AR 86. The ALJ further found:

> The claimant testified that her weight fluctuated between 83 and 89 pounds. Her body mass index (BMI) was less than 16.5 kilograms per meter squared (B4F/3). Albeit low, her weight was generally stable (B2F/1). The claimant endorsed a decreased appetite, which worsened with stress (e.g., B3F/1, B11F/3, Testimony). Following her move from California and disruption in her medication, she lost ten pounds (B4F/12). She reported difficulty eating with other people and maintaining appetite (Testimony). She did not eat three times a day (Testimony).

AR 87. Thereafter, the ALJ found that "[d]espite her low body weight, the evidence does not support finding postural or exertional limitations. For example, several reports noted normal gait, without observed problems with ambulation, balance, or posture …. [Plaintiff] denied chest pain, shortness of breath, edema, vision and hearing problems …. She had a regular heart rate and rhythm without murmurs, thrills, or rubs …. Moreover, her lungs were clear to auscultation with normal respiratory effort …. Her abdomen was soft and non-tender and she had intact reflexes …." *Id.*

**VII.   Discussion**.

   A.   <u>Plaintiff's Arguments in Support of Remand</u>.

Despite stipulating that the ALJ fairly and accurately summarized the medical evidence in the Administrative Record (ECF No. 18 at 5), Plaintiff contends the record contains evidence supporting a finding that Plaintiff meets the SSA Listing Impairment at § 5.08.[4] Plaintiff focuses on language in this Listing requiring a "BMI of less than 17.50 calculated on at least two evaluation at least 60 days apart within a consecutive 6 month period." ECF No. 18 at 6 *citing id*. Plaintiff points to medical history involving her gallbladder (*id*. *citing* AR 429), and that Plaintiff had a BMI of 15.8 in November 2018 and 17.5 in March of 2019. *Id*. also *citing* AR 418. Plaintiff says that "after continuing her prescribed treatment," her BMI dropped to 16.4 in July 2019 and, her weight fluctuated. *Id*. at 6-7 *citing* AR 418 and 420. Plaintiff then concludes that she "has weight loss due to a digestive disorder and two evaluation show[ing] a BMI less than 17.5 despite continuing

---

[4]   20 C.F.R. pt. 404, subpt. P, app. 1, § 5.08.

5

treatment." *Id*. at 7. Plaintiff argues that if anorexia is a digestive impairment, then … [she] is disabled." *Id*. If anorexia is not a digestive impairment, "but a composite physical-mental impairment with a physical manifestation of weight loss, then … [she] equals listing 5.08."

    B.  <u>Defendant's Argument Supporting the ALJ's Evaluation and Denial of Remand</u>.

  Defendant argues that to establish an impairment under an SSA Listing, Plaintiff must meet all of the specified medical criteria. ECF No. 19 at 9 *citing* 20 C.F.R. pt. 404, subpt. P, app. 1; *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). Defendant further contends that because Listings "operate as a presumption of disability" the Impairments "set a high level of severity." *Id*. *citing Kennedy v. Colvin*, 738 F.3d 1172, 1176 (9th Cir. 2001). Defendant contends Plaintiff identifies the wrong Listing for her impairment. *Id*. "Listing 12.13 is the correct standard for evaluating whether an eating disorder is per se disabling." *Id*. Defendant refers to 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00B10b, which defines eating disorders. This Listing states: "Examples of disorders that we evaluate in this category include anorexia nervosa, bulimia nervosa, binge-eating disorder, and avoidant/restrictive food disorder." *Id.* Defendant argues that to meet Listing 12.13, Plaintiff "must prove that she has extreme limitations in at least one of the four functional domains, or marked limitations in at least two of the four domains." ECF No. 19 at 6 *citing* 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00B. Defendant explains that the ALJ did the necessary analysis and found only mild to moderate limitations. *Id*. *citing* AR 83-84. Defendant states that Plaintiff does not challenge these findings and, therefore, has forfeited this argument. *Id*. (internal citations omitted). Defendant is correct. *See* ECF No. 18; *Brown v. Kijakazi*, Case No. 18-16133, 2021 WL 484412, at *1 (9th Cir. Oct. 18, 2021). Defendant also correctly concludes his argument by pointing out that Plaintiff has forfeited the argument that her eating disorder meets the requirements of Listing 12.13. *Id.*

  Defendant cites to case law finding that anorexia nervosa, and eating disorders generally, do not fall within Listing 5.08. ECF No. 19 at 6-7 *citing* and *comparing* 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00B10b, defining eating disorders, with § 5.00A, defining digestive disorders; *Carlson v. Astrue*, 604 F.3d 589, 193 (8th Cir. 2010); *Renee Jean N. v. Saul*, Case No. 2:18-cv-385-FVS, 2020 WL 1318791, at *10 (E.D. Wash. Mar. 20, 2020) (rejecting the plaintiff's argument that her anorexia meet or medically equals the criteria of 20 C.F.R. pt. 404, subpt. P, app. 1, § 5.08).

Defendant further points out that even if Listing 5.08 were to apply, Plaintiff's BMI readings of less than 17.5 occurred eight months apart (November 2018 and July 2019), thus failing to meet the requirements of the Listing. ECF No. 19 at 7 *citing* AR 420, 429, 437, 441. And, with respect to Plaintiff's argument that her impairments, when combined, equal the severity of Listing § 5.08, Defendant argues Plaintiff offers no theory to support this contention. *Id*. at 8.

C.     The Court's Analysis.

The Listing found at 20 C.F.R. pt. 404, subpt. P, app. 1, § 5.08 pertains to weight loss due to any digestive disorder. The Social Security website explains that "[d]isorders of the digestive system include gastrointestinal hemorrhage, hepatic (liver) dysfunction, inflammatory bowel disease, short bowel syndrome, and malnutrition. They may also lead to complications, such as obstruction, or be accompanied by manifestations in other body systems." *See* http://www.ssa.gov/disability/professionals/bluebook/5.00-Digestive-Adult.htm § 5:01. To meet the requirements of this listing, Plaintiff's "low weight must be as severe as the listing requirement and must be due to an impairment that is as severe as a *gastrointestinal disorder*." *Kornbau v. Berryhill*, Case No. 1:18-cv-1379 (CMH/IDD), 2019 WL 7900793, at *8 (E.D. Va. Oct. 18, 2019) (emphasis in original).

Here, Plaintiff cites to one gastrointestinal note in the entirety of the medical record. ECF No. 18 at 6 *citing* AR 429. The note cited to states: "gallbladder January 2018." AR 429. Other than this citation, Plaintiff points to nothing in the record that evidences a gastrointestinal disorder. In contrast, there is substantial evidence in the record, which Plaintiff agrees was accurately summarized by the ALJ, that points to the many impairments found by the ALJ. AR 83.

- AR 83 (citing AR 110-11, 399, 460) acknowledging Plaintiff's history of special education;
- AR 84 (citing AR 340, 398) acknowledging Plaintiff's difficulty understanding and following instructions;
- AR 84 (citing AR 398, 340) acknowledging Plaintiff's borderline cognitive ability on testing;

- AR 84 (citing AR 116-17, 335, 340, 398, 467-68) acknowledging Plaintiff's moderate impairment in interacting with others, difficulty getting along with others, difficulty with being told what to do, and easy aggravations, frustration, and irritability;
- AR 84 (citing AR 105, 114-15, 318, 338, 340, 397, 406-07, 411, 475) acknowledging Plaintiff was prone to sadness, depression, crying spells, paranoid feelings, and did not enjoy shopping;
- AR 84 acknowledging Plaintiff's moderate limitation in concentrating, persisting or maintaining pace;
- AR 84 (citing 115, 318, 399, 400-01, 403, 406-07, 411) acknowledging Plaintiff alleged flashbacks and nightmares, slow and lethargic energy, and inability to complete tasks;
- AR 84 (citing AR 336) acknowledging Plaintiff's mild limitation in adapting and managing herself; and,
- AR 87 (citing 397, 418, 420, 435, 441) acknowledging Plaintiff's anorexia, her BMI, that Plaintiff is underweight, suffers weight fluctuation, decreased appetite that worsens with stress, and that following a move from California, which disrupted medication, Plaintiff lost ten pounds.  AR 87.

The single citation by Plaintiff—that is, the entry on AR 429 stating "gallbladder jan 2018"—is clearly distinguishable from the above and does not meet the substantial evidence standard even when viewed in light of the relatively low requirements applicable to this standard.  A reasonable person would not accept this entry as adequate to support the conclusion Plaintiff seeks. *Richardson*, 402 U.S. at 401 (internal citation and quotation marks omitted).

Further, even assuming it was error for the ALJ not to discuss this record entry, the error was harmless. *Carmickle v Commission. Social Security Admin.*, 553 F.3d 1155, 1169 (9th Cir. 2008) (an error is harmless if it "was clear from the record that an ALJ's error was inconsequential to the ultimate nondisability determination") (internal citation and quote marks omitted).  In sum, the issue before the Court is "not whether substantial evidence exists against the decision [reached by the ALJ], but, rather, whether substantial evidence supports the decision." *West v. Berryhill*, Case No. 18-cv-00092-DKW-RT, 2019 WL 362259, at *3 n.1 (D. Haw. January 29, 2019).  Substantial evidence

supports the ALJ's conclusion that Plaintiff suffers from anorexia, but does not support that Plaintiff suffers from a digestive disorder as defined by the Listing for digestive disorders. Finally, even if one were to argue the evidence to which Plaintiff creates a susceptibility to more than one rational interpretation, the ALJ's conclusion must still be upheld. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

Moreover, and setting aside Plaintiff's citation as inadequate to establish an error in failing to consider whether Plaintiff suffers from a digestive disorder, Plaintiff fails to meet every requirement of Listing 5.08 because she did not have two BMI readings less than 17.5 within six months as required by 20 C.F.R. pt. 404, subpt. P, app. 1, § 5.08; *Zebley*, 493 U.S. at 530. Plaintiff states she had a BMI of 15.8 in November 2018, and then in July 2019, her BMI was 16.4. ECF No. 18 at 6 *citing* AR 420, 420. November 2018 to July 2019 is more than a six month gap. This failure precludes a finding that Plaintiff meets the § 5.08 Listing. *Id.*

Plaintiff's alleged combined "physical-mental impairment" argument also fails. This contention is not supported by Plaintiff's cites to the Administrative Record or argument applying those cites to case law. ECF No. 18 at 7. In the absence of evidence cited by Plaintiff to support her contention, there is no error for the Court to consider. *Avila v. Astrue*, Case No. CIVS-07-1331 JAM KJN, 2008 WL 4104300, at *2 (E.D. Cal. Sept. 2, 2008) *citing Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 923-24 (9th Cir. 1996) (a party who presents no explanation in support of a claim of error waives the issue).

Moreover, "an ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence." *Ford*, 950 F.3d at 1157 (internal citation and quotation marks omitted). *See also CF. Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990) (holding that where a claimant provides *evidence* that the combination of her impairment established medical equivalence, "the ALJ must explain adequately [her] evaluation of alternative tests and the combined effects of the impairment"); *Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001) (holding where claimant "offered no theory, plausible or otherwise, as to how his [impairments] combined to equal a listed impairment," ALJ did not err by not discussing combined effects of impairments). Here,

9

Plaintiff points to presentation of evidence in support a combined effect of impairments. ECF No. 18 at 7. Accordingly, the ALJ did not err by failing to conclude that Plaintiff's alleged combined impairments do not equal a listed impairment.

### IX.   Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Reversal and/or Remand (ECF No. 18) is DENIED.

IT IS FURTHER ORDERED that Defendant's Cross-Motion to Affirm (ECF No. 19) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court shall close this case and enter judgment accordingly.

DATED this 25th day of May, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE